# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LAURA MCBROOM** | : | |
| 1131 Campbell Ave. | : | |
| New Carlisle, Ohio 45344 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:20-cv-21-710 |
| | : | |
| | : | |
| v. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **4OVER INTERNATIONAL** | : | |
| 7801 Technology Blvd. | : | **Jury Demand Endorsed Hereon** |
| Dayton, Ohio 45424 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Laura McBroom ("Plaintiff") and proffers this Complaint for damages against Defendant 4Over International. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Clark County, Ohio.

2. Defendant is a foreign Limited Liability Corporation doing business in the Southern District of Ohio.

3. Plaintiff is an "eligible employee" as defined by the Family Medical Leave Act, 29 U.S.C. § 2611(2).

4. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A).  Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more

employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that Plaintiff performed her job duties in Montgomery County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

7. Plaintiff was hired by Defendant in or around August of 2014. Shortly thereafter, Plaintiff was promoted to a Shift Team Lead and Lead Operator.

8. Plaintiff's job duties included, but were not limited to, managing the employees and operations of the first shift team.

9. Throughout her employment with Defendant, Plaintiff had never received any disciplinary action or negative performance evaluations.

10. In or around In or around August of 2020, Plaintiff applied for continuous FMLA leave for surgery related to a serious medical condition.

11. Plaintiff's request for FMLA leave was approved from August 4, 2020 to October 25, 2020.

12. As such, Plaintiff should have received job-protection for the entire duration of her medical leave, without being subjected to any form of retaliation.

13. However, on or around September 30, 2020, Defendant's Human Resource representative, Tammy Morgan and Plant Manager, Marc Duke called Plaintiff and terminated her.

14. Defendant told Plaintiff that her position was being eliminated and she was selected for layoff.

15. Upon information and belief, other employees with less seniority than Plaintiff (who were not taking FMLA leave) were not selected for layoff.

16. Plaintiff's medical leave was a motivating factor in her termination because Defendant chose to keep other employees who were not taking FMLA leave, and who had less seniority than Plaintiff.

17. Defendant cannot articulate a legitimate, non-discriminatory reason for Plaintiff's termination.

18. The reasons offered for Plaintiff's termination, are pretextual.

## COUNT I
### Interference - Violation of the Family Medical Leave Act

19. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

20. Plaintiff was eligible for FMLA leave and Defendant provided FMLA leave to Plaintiff.

21. Plaintiff was entitled to FMLA leave, as she suffers from a serious medical condition.

22. Defendant was notified that Plaintiff suffered from a serious medical condition that qualified her for FMLA leave because she applied for and was granted FMLA leave in August 2020.

23. Defendant interfered with Plaintiff's FMLA rights by terminating her employment while she was on FMLA leave and denying her benefits to which she was entitled.

24. Plaintiff's termination was causally connected to her use of FMLA leave.

25. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

26. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT II
### Retaliation/Discrimination- Violation of the Family Medical Leave Act

48. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

49. Plaintiff engaged in protected activity, as she applied for and was approved for FMLA leave in August 2020.

Plaintiff took FMLA beginning on August 4, 2020, so Defendant was clearly aware that Plaintiff engaged in protected activity.

50. Plaintiff suffered an adverse employment action when Defendant terminated her while she was on FMLA leave.

51. Defendant terminated Plaintiff because she utilized FMLA leave.

52. Defendant's reason for terminating Plaintiff was allegedly due to a layoff, but Defendant chose to continue to employ employees with less seniority than Plaintiff who were not using FMLA leave.

53. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

54. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits,

statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Peter G. Friedmann*
Peter G. Friedmann (0089293)
Rachel A. Sabo (0089226)
Jamie R. Bailey (0099789)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)
Rachel@thefriedmannfirm.com
Pete@thefriedmannfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Peter G. Friedmann*
Peter G. Friedmann (0089293)